UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR FREEMAN,

    Petitioner,

v.

ERIC RARDIN,

    Respondent.

Case No. 24-cv-12896

Honorable Robert J. White

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Jamar Freeman is currently incarcerated in Milan, Michigan. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). He did not pay the required $5.00 filing fee, nor did he apply to proceed *in forma pauperis* when he filed the case. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases. Presiding magistrate judge David R. Grand issued a deficiency order on November 4, 2024, requiring Freeman to either pay the filing fee or submit an *in forma pauperis* application. The order provided that if he did not do so by November 25, 2024, the case would be dismissed. (ECF

No. 2).   The time for submitting the filing fee or required information has elapsed, and Freeman has not corrected the deficiency in his habeas petition.   The Court, therefore, denies the habeas petition without prejudice.   The Court makes no determination as to its merits.   This case is closed.   Should Freeman wish to seek federal habeas relief, he must file a new habeas case with payment of the filing fee or an *in forma pauperis* application.   This case will not be reopened.

Before Freeman may appeal this ruling, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling, so the Court denies a COA.   The Court further concludes that Freeman should not be granted leave to proceed *in forma pauperis* on appeal because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Freeman may not file an appeal *in forma pauperis* because it would not be taken in good faith.

Dated: December 16, 2024

s/Robert J. White
Robert J. White
United States District Judge